Dear Mr. Richard:
We are in receipt of your request for an Attorney General's Opinion concerning a possible dual officeholding violation. Specifically, you ask whether the City of Rayne may employ a person who currently serves as a member of the Board of Directors of the Housing Authority for the City of Rayne.
Your letter continues to state that position of member of the Board of Directors of the Housing Authority for the City of Rayne is filled through appointments made by the City of Rayne's mayor and city council. Thus, this position is classified as a local appointed office.
The dual officeholding laws, LA R.S. 42:61 et seq., apply in general to a person holding two positions at the same time. LA R.S. 42:63 (E) states in pertinent part:
 No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
 Under LA R.S. 42:63 (E), as long as both positions are not considered "full-time," then there is no dual office holding prohibition. In other words, one of the positions may be considered "full-time" but not both positions.
"Full time," as defined by LA R.S. 42:62 (4) is:
 The period of time which a person works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
"Part time" as defined by LA R.S. 42:62 (5) is:
 The period of time which a person works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
Therefore, it is the opinion of this office that the City of Rayne may employ a person who currently serves as a member of the Board of Directors of the Housing Authority for the City of Rayne as long as one of these two positions will be in a part-time capacity.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ ANDREW D. BENTON Assistant Attorney General